# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ） | |
| Plaintiff, ) | |
| ） | |
| -vs- ) | Case No. CR-20-240-F |
| ） | |
| BOBBY CHRIS MAYES, ) | |
| ） | |
| Defendant. ) | |

## MOTION FOR ORDER FINDING THAT DEFENDANT HAS WAIVED ATTORNEY-CLIENT PRIVILEGE

Defendant Bobby Chris Mayes has filed a 28 U.S.C. § 2255 motion alleging he was denied effective assistance of counsel in connection with his trial in the underlying case. (Doc. 401.) This was followed by a memorandum in support filed on March 14, 2025 (Doc. 422.) This Court ordered the Government to respond to Defendant's motion. (Doc. 424.) Although Defendant's allegations waive attorney-client privilege, members of the trial counsel team have requested a Court Order before disclosing, by affidavit or otherwise, any communications relevant to Defendant's motion.[1]

---

[1] Undersigned counsel reached out to Mr. Zudhi to inquire whether Mr. Mayes would voluntarily provide a written waiver. Mr. Zudhi agree to inquire, but members of the trial team requested that the Government submit this motion and seek a written order out of an abundance of caution.

1

For the following reasons, the Government respectfully requests that this Court find Defendant Mayes has waived his attorney-client privilege as to communications related to the allegations in his 2255 motion and allow Defendant's counsel to provide the Government with evidence related to those communications, including in an affidavit, so that it can reasonably respond to Defendant's motion.

## BRIEF STATEMENT OF FACTS

On September 16, 2020, Bobby Chris Mayes, Charles Gooch and Courtney Wells were indicted by a federal grand jury on twenty-five counts, including Conspiracy to Commit Wire Fraud (Count 1) in violation of 18 U.S.C. § 1349; Wire Fraud (Counts 2–3) in violation of 18 U.S.C. § 1343; Uttering Forged Securities (Counts 14–19) in violation of 18 U.S.C. § 513(a) and Aggravated Identity Theft (Counts 20-25) in violation of 18 U.S.C. § 1028A(a)(1). (Doc. 1.)

On November 3, 2021, all three defendants proceeded to trial. The trial spanned 13 days, and following the close of evidence, the jury was charged and retired to deliberate on the morning of November 19, 2021. After a full day of deliberations, the jury returned its verdicts – guilty as to Mr. Mayes and Mr. Gooch on all counts, and guilty as to Ms. Wells on Counts 1, 3, 4, 7–10 and 14–25. The jury returned verdicts of not guilty as to Ms. Wells on Counts 2, 5, 6, 11, 12, and 13.

Mr. Mayes was ultimately sentenced on November 9, 2023 to a term of imprisonment of 130 months. (Doc. 375.) Defendant's motion raises three grounds for relief in his motion, but the primary contention is that his counsel failed to introduce 4 pages of handwritten notes at trial and that there were extensive discussions between himself and his counsel on this topic prior to and during trial. (Doc. 422, p. 2-27.)

## DISCUSSION

When a defendant seeks post-conviction relief claiming he received ineffective assistance of counsel, "he places communication between himself and his attorney directly in controversy and thus by implication waives the attorney-client privilege with respect to those communications." *United States v. Pinson*, 584 F.3d 972, 977–78 (10th Cir. 2009). That such defendants waive attorney-client privilege is widely recognized. *See Johnson v. Alabama*, 256 F. 3d 1156, 1178 (11th Cir. 2011) (holding § 2255 movant waives attorney-client privilege); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("[Attorney-client] privilege is waived when client attacks his attorney's competence in giving legal advice."); *Laughner v. United States*, 373 F.2d 326, 327 (5th Cir. 1967) (holding petitioner waives privilege as to all communications relevant to attorney's alleged breach of duty).

In addition, the ethical rules permit attorneys to disclose privileged communications "to respond to allegations in any proceeding concerning the

lawyer's representation of the client." Model R. Prof'l Conduct 1.6(b)(5); LCvR 83.6(b) (adopting Oklahoma Rules of Professional Conduct to govern ethics in the Western District of Oklahoma).

In his motion for post-conviction relief, Defendant alleges his attorney committed certain acts and omissions that rendered them ineffective. As a result, Defendant has put his communications with defense counsel in controversy and thereby waived attorney-client privilege with respect to these allegations. The Government requires trial counsel's assistance to adequately respond to Defendant's stated grounds for relief. Moreover, the factual information they will provide will assist the Court in evaluating Defendant's claims.

## **CONCLUSION**

For these reasons, the Government respectfully requests that this Court find that Defendant has waived his attorney-client privilege as to communications relevant to his allegations and authorize his trial counsel

(Vicki Behenna, Brett Behenna, Billy Bock (and if necessary, Rachel Jordan) to provide the Government with the evidence, including an affidavit, necessary to abide by this Court's Order.

        ROBERT J. TROESTER
        United States Attorney

        s/ Thomas B. Snyder
        THOMAS B. SNYDER
        (OK Bar. No. 30472)
        Assistant United States Attorney
        210 W. Park Avenue, Suite 400
        Oklahoma City, Oklahoma 73102
        (405) 553-8700 (telephone)
        (405) 553-8777 (fax)
        thomas.snyder@usdoj.gov

**CERTIFICATE OF SERVICE / MAILING**

I hereby certify that on June 9, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the attorneys registered to receive such notification.

I hereby certify that on June 9, 2025, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Bobby Chris Mayes
Fed ID No: 09413-509
FCI Texarkana
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7000
TEXARKANA, TX 75501

        s/ Thomas B. Snyder
        THOMAS B. SNYDER
        Assistant United States Attorney